IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DR. MARIA M. RODRIGUEZ CABRERA, ET ALS.<br><br>PLAINTIFFS,<br><br>V.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY<br><br>DEFENDANT. | CIVIL NO. 22–1649 (JAG) |

### REPLY TO "REPLY TO MOTIONS AT DOCKET 32 A DOCKET 33" (ECF NO. 36)

**TO THE HONORABLE COURT:**

COMES NOW Mutual of Omaha Insurance Company ("Mutual of Omaha" or "Defendant"), through the undersigned legal representation, and very respectfully STATES AND PRAYS as follows:

1. Plaintiffs Dr. Maria M. Rodriguez Cabrera ("Rodriguez"), Dr. Pedro Colberg Arroyo ("Colberg") and their conjugal partnership (collectively, "Plaintiffs") filed this Complaint against Mutual of Omaha on December 29, 2022. (ECF No. 1).

2. After a severe pattern of noncompliance with Court's orders and the Federal Rules of Civil Procedure, Mutual of Omaha filed a *Motion to Dismiss Complaint Under Fed.R.Civ.P 41(B)*. (ECF No. 32). Mutual of Omaha highlighted Plaintiffs' repeated flout of Court orders and their patent disinterest to move their case as a clear base for dismissal. Per the Rules of Civil Procedure, Plaintiffs had 14 days to file a response to Mutual of Omaha's *Motion to Dismiss*.

3. Keeping with the nonchalant pattern of neglect and noncompliance, Plaintiffs did not file a timely response to Mutual of Omaha's *Motion to Dismiss*. Consequently, Mutual of Omaha filed a *Motion to Deem "Motion to Dismiss Complaint Under Fed.R.Civ.P 41(B). (ECF No. 32)" Unopposed* (ECF No. 33). The Court has not ruled on this matter.

4. Plaintiffs filed an **untimely** *Motion for Short Extension of Time to Reply Motion at Docket 32*. In short, Plaintiffs plead for an extension of time ending on December 20th, 2024, to file a response to Mutual of Omaha's *Motion to Dismiss*. (ECF no. 34).

5. Mutual of Omaha filed an Opposition pleading with the Court to deny Plaintiffs' *Motion for Extension of Time*. Mutual of Omaha argued that the *Motion for Extension of Time* was filed **one day after the deadline** to file a response to Mutual of Omaha's *Motion to Dismiss*. The Court has not ruled on this matter either.

6. Keeping up with the pattern of noncompliance, **Plaintiffs did not file an Opposition to Mutual of Omaha's *Motion to Dismiss* on the self-imposed deadline of December 20th, 2024**. Instead, Plaintiffs filed a *Reply to Motions at Docket 32 A* (sic) *Docket 33* on December 24th, 2024. **Four days later than pleaded in its *Motion for Extension of Time.*** In summary, Plaintiffs argued that the reasons for its noncompliance with this Court's Orders and the Federal Rules of Civil Procedure were: (1) professional commitments regarding preparation for various trials; and (2) health issues stemming from a supposed fall in Plaintiffs' Counsel apartment complex. (ECF No. 36).

7. Mutual of Omaha comes forth to restate its *Motion to Dismiss Complaint Under Fed. R. Civ. P. 41(B)*. Plaintiffs have not pursued the discovery of their case. Additionally, Plaintiffs showcase a repeated flout of Court orders and a patent disinterest to move their case;

thus, Mutual of Omaha moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 41(b).

8.  Rule 41(b) provides that if a plaintiff fails to prosecute a case, "**a defendant may move to dismiss the action or any claim against it**." Jardines Ltd. P'ship v. Exec. Homesearch Realty Servs., Inc., 178 F.R.D. 365, 366 (D.P.R. 1998). More importantly, "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630–31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962). (ECF No. 32).

9.  None of the reasons stated in Plaintiffs' *Reply* are constituent of a just cause for the constant pattern of noncompliance with the Court's Orders, nor the Federal Rules of Civil Procedure.

10. Firstly, Plaintiffs allege that a medical issue was part of the cause for the noncompliance. Nevertheless, although the Defendant and undersigned counsel feel sympathetic to brother counsel and wish him a speedy recovery, the fact remains that Plaintiffs' counsel did not reach out to Mutual of Omaha's legal representatives to hash these issues out. No good-faith effort was put forward and no timely request was made to the Court to extend the corresponding deadlines. Furthermore, Plaintiffs' counsel does not include supporting documentation that buttresses the claim that he suffered said injuries, that he received the corresponding medical treatment, and that the situation did not allow him to conduct written lawyerly work.

11. Secondly, congested work calendars are not just cause for delay in responding to Court Orders, nor discovery requests. Once again, if availability was a problem, Plaintiffs' counsel could have reached out to Mutual of Omaha's legal representatives to find amicable and sensible

solutions to these issues. No approach was received by Mutual of Omaha's counsels of record and, again, no timely requests were made to the Court by Plaintiffs.

12. The First Circuit has rejected time and again the "other fish to fry" excuse. See <u>Chamorro v. Puerto Rican Cars, Inc.</u>, 304 F.3d at 5 (collecting cases). As per the First Circuit, "[m]ost attorneys are busy most of the time and they must organize their work so as to be able to meet the time requirements of matters they are handling or suffer the consequences." <u>Pinero Schroeder v. Fed. Nat'l Mortg. Ass'n</u>, 574 F.2d 1117, 1118 (1st Cir. 1978) (per curiam). The First Circuit has put it bluntly elsewhere: "the fact that [one's] counsel may have bitten off more than he could chew does not exempt [a litigant] from meeting court-appointed deadlines." <u>Vélez v. Awning Windows, Inc.</u>, 375 F.3d 35, 40 (1st Cir. 2004); see also <u>Mulero-Abreu v. P.R. Police Dep't</u>, 675 F.3d 88, 91, 94-95 (1st Cir. 2012) (affirming dismissal of case with prejudice because of late filing). In upholding the trial court's decision to dismiss the complaint because of inobservance of discovery orders, the First Circuit stated in the <u>Mulero-Abreu</u> case, "[t]his appeal illustrates the folly of treating case-management orders as polite suggestions rather than firm directives."

13. Further, Plaintiffs' noncompliance with their own self-imposed deadline to file a Response to Mutual of Omaha's *Motion to Dismiss* sustains Defendant's contention that Plaintiffs do not care for the progress of their claim. This is precarious behavior that placed Mutual of Omaha in a state of defenselessness, since no meaningful discovery could be made. The discovery deadline has lapsed and because of Plaintiffs' failure to respond to deposition notices timely served, Mutual of Omaha was not able to depose Plaintiffs and other of their witnesses.

WHEREFORE, for the reasons discussed above, Mutual of Omaha respectfully requests that the Court deny Plaintiffs' *Motion Requesting Motion for Short Extension to Reply Motion at Docket 32*; deny *Reply to Motions at Docket 32 A Docket 33*, deem Mutual of Omaha's *Motion to*

4

*Dismiss Complaint Under Fed. R. Civ. P. 41(B)* as unopposed; and dismiss the Complaint under Fed. R. Civ. P. 41(b), for failure to prosecute and for failure to comply with several of this Court's orders.

RESPECTFULLY SUBMITTED.

IT IS HEREBY CERTIFIED, on this same date, a copy of this document was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record.

In San Juan, Puerto Rico, this Friday, January 31, 2025.

**ROMAN NEGRÓN LAW, PSC**
Attorneys for Mutual of Omaha Insurance Co.
Citi Towers, Suite 1401
252 Ponce de León Ave.
San Juan, PR  00918
P.O. Box 360758
San Juan, PR  00936
Tel. (787) 979-2007

*s/Luis R. Román-Negrón*
Luis R. Román-Negrón
USDC-PR 225001
lrn@roman-negron.com

*s/José D. Casillas Guevara*
José David Casillas Guevara
USDC-PR 308311
jcasillas@roman-negron.com

5